# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANDREW DUNK, #095570,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-0623-JPG |
| | ) | |
| **RANDY COBB,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Coleman v. Cobb*, Case No. 17-cv-1282-JPG (S.D. Ill. Nov. 27, 2017), multiple plaintiffs, including Plaintiff Andrew Dunk, brought suit pursuant to 42 U.S.C. § 1983 for deprivations of their constitutional rights. Pursuant to Federal Rules of Civil Procedure 20 and 21, Plaintiff Dunk's claims were severed from that initial action to form the basis for this action, Case No. 18-cv-623-JPG. (Doc. 1).

Before Plaintiff's claims were severed, the Court determined that they did not survive threshold review under 28 U.S.C. § 1915A, so they were dismissed on March 27, 2018 for failure to state a claim upon which relief may be granted. (Doc. 1, p. 10). The dismissal was without prejudice to Plaintiff filing an amended complaint on or before April 23, 2018 in this action. *Id.* That deadline has now passed. Plaintiff has not filed an amended complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because Plaintiff failed to state a claim upon which relief may be granted in the original

1

Complaint (Doc. 2), this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 30, 2018**

**s/ J. PHIL GILBERT**
**J. PHIL GILBERT**
**United States District Judge**